HEYMAN COHEN & SONS, INC., Respondent, *v.* M. LURIE WOOLEN CO., INC., Appellant.

First Department, July 1, 1921.

Sales — option to make additional purchases indefinite and unenforcible — res judicata — judgment against plaintiff on counterclaim in former action by defendant res judicata.

An option clause in a contract for the sale of cloth providing that the plaintiff " should have the privilege to purchase so much more of the aforesaid merchandise as the defendant would be able to procure " is unenforcible, since it is indefinite and uncertain as to the quantity of goods plaintiff is entitled to buy under the exercise of its privilege, and is uncertain as to the limit of time during which the privilege is to be exercised, and no price is stated at which the plaintiff is entitled to exercise its option.

The delivery of sixteen pieces of cloth under the option clause did not have the effect of curing the defects of uncertainty and indefiniteness.

In an action by the present defendant against the plaintiff herein to recover for goods sold under the contract the defendant interposed as a defense and counterclaim the same allegations as alleged in the complaint in this action, including an allegation of damages resulting from the failure on the part of the defendant to comply with the option clause. *Held,* that the judgment in that action is *res judicata* as to the issues in the present action; the allegations in the complaint in this action as to the delivery of sixteen pieces of cloth under the option clause did not have the effect of creating a liability against the defendant which did not exist before the option was exercised.

APPEAL by the defendant, M. Lurie Woolen Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1921, denying defendant's motion for judgment on the pleadings consisting of a complaint, an answer and a reply.

*Samuel J. Rawak* of counsel [*A. S. Marcuson,* attorney], for the appellant.

*Jacob R. Schiff* of counsel [*J. M. Cohen* with him on the brief; *Morrison & Schiff,* atttorneys], for the respondent.

GREENBAUM, J.:

The complaint alleges the making of a contract in writing on April 10, 1919, for the sale to the plaintiff of 200 pieces of cloth known as tricotine at certain prices, which contained a provision that the plaintiff " should have the privilege to purchase so much more of the aforesaid merchandise as the defendant would be able to procure;" that the 200 pieces were delivered and paid for; that plaintiff exercised the privilege or option of purchasing more of said cloth; that defendant ratified and confirmed the option by delivering 16 additional pieces of cloth on June 10, 1919, informing the plaintiff that that was all of the said cloth it had procured although in fact defendant did procure 500 pieces of said cloth which it failed to sell to plaintiff, notwithstanding its exercise of the privilege to buy them.

Defendant in its answer pleads a general denial, the Statute of Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571) and a former adjudication. The portion of the

defendant's answer which relates to the bar of the former adjudication alleges the making of the contract described in the complaint; that plaintiff upon the delivery of the 200 pieces of cloth therein mentioned paid therefor by giving the defendant its promissory notes aggregating $30,869.29; that thereafter three separate actions upon these notes were instituted by defendant against plaintiff in the Supreme Court which were subsequently consolidated into one action; that plaintiff (as defendant in that action) interposed an answer setting up as a " defense " and " counterclaim " the same allegations as those set forth in the complaint in this action including an allegation of damages in the sum of $50,000 resulting from the failure on the part of the defendant (plaintiff in that action) to deliver the 500 pieces although it was able to deliver them.

The only difference between the allegations in the present complaint and those pleaded in the defense and counterclaim in the former action is that the latter contained no allegations as to the delivery of the 16 additional pieces of cloth under the alleged privilege clause of the contract which is set up in the complaint in this action.

It may be incidentally observed that although plaintiff alleges in its complaint that the price of the 200 pieces of cloth described in the agreement was fixed at three dollars, and two and one-half cents per yard, there is no allegation therein as to the price paid for the 16 additional pieces.

It was held by the learned Special Term justice that the allegation as to the delivery of the sixteen pieces of cloth appearing in the complaint under review created a radically different issue from that presented in the defense and counterclaim in the other action. It seems to us that the additional allegation in the complaint did not have the effect of creating a liability against the defendant which did not exist before the option was exercised.

The privilege clause under consideration is indefinite and uncertain. It fails to state what quantity of goods plaintiff is entitled to buy under the exercise of its privilege. It does not appear whether the option is limited to as many pieces of the goods as defendant might be able to procure, or only to as many as plaintiff cares to avail itself of. It is uncertain

as to the limit of time during which the privilege is to be exercised. Is the privilege to continue for a week, a month, a year, or a lifetime? May it be exercised only once, or as often as plaintiff wishes? It is also silent as to the price at which plaintiff is entitled to exercise its option.

It follows, if we are correct in our interpretation of the privilege clause in question, that it was not an enforcible agreement and that the delivery of the additional sixteen pieces of cloth could not possibly have the effect of curing the defects of uncertainty and indefiniteness pointed out.

It also follows that the former adjudication was necessarily determinative of the rights of the parties under the privilege clause referred to and was a conclusive bar to the maintenance of this action. In any event the complaint does not set forth a cause of action and defendant's motion for judgment upon the pleadings should have been granted.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings is granted, with ten dollars costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.